**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES DOMINIC DENNIS, | : | Civil No. 1:18-CV-01131 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER JAMES SHERIDAN, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is the report and recommendation of United States

Magistrate Judge Karoline Mehalchick recommending that Defendants' motion to

dismiss be granted in part and denied in part, and that certain Defendants be

dismissed from this action.  (Doc. 61.)  For the reasons that follow, the court

declines to adopt the recommendation denying James Sheridan ("Sheridan") and

Michael McGrath's ("McGrath") motion to dismiss, but adopts the remaining

portions of the recommendation in full.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Neither party objected to the facts or procedural history stated in the report

and recommendation.  Because the court gives "reasoned consideration" to these

uncontested portions of the report and recommendation, *E.E.O.C. v. City of Long*

*Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d

874, 878 (3d Cir. 1987)), the court will only restate the factual background and

procedural history necessary for clarity in this opinion.  Plaintiff Charles Dominic Dennis ("Dennis"), who is self-represented, initiated this action via complaint naming Sheridan, McGrath, and Attorney John Donovan ("Donovan") on June 4, 2018.  (Doc. 1.)  Dennis was provided the proper service forms the same day.  (Doc. 3.)  On June 18, 2018, Dennis filed waiver of service forms, which he executed rather than Defendants or their counsel, stating that McGrath and Sheridan had been served with the complaint.  (Doc. 5, pp. 1–2; Doc. 6, pp. 1–2.)[1]

On July 31, 2018, Dennis filed an amended complaint naming additional Defendants Christopher Renfer ("Renfer") and John Doe, a correctional officer at Luzerne County Correctional Facility.  (Doc. 10.)  On August 29, 2018, Attorney John G. Dean entered his appearance on behalf of Donovan.  (Doc. 15.)  Thereafter, Donovan and Renfer filed motions to dismiss Dennis's amended complaint.  (Docs. 23, 35.)  Once these motions were fully briefed, Judge Mehalchick issued a report and recommendation.  (Doc. 40.)  On June 19, 2019, United States District Court Judge Yvette Kane adopted the recommendations and ordered that Donovan was voluntarily dismissed and terminated from the action, and his motion to dismiss was denied as moot.  (Doc. 41, p. 1.)  Judge Kane further ordered that Renfer's motion to dismiss was granted in part and denied in part, dismissed Dennis's amended complaint without prejudice, and granted Dennis

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

leave to file a second amended complaint.  (*Id.* at 2–3.)  Lastly, Judge Kane

instructed Dennis that the second amended complaint could neither go beyond the

scope of the claims previously raised, nor name any new defendants.  (Doc. 40, p.

25; Doc. 41.)

On July 22, 2019, Dennis filed a second amended complaint naming five

new Defendants – Marcella Lendacky, Mark Rockovich, Sergeant Reilly, Tony

George, and the City of Wilkes-Barre, Pennsylvania – and three additional state

law claims – battery, assault, and false imprisonment.  (*Compare* Docs. 1, 10, *with*

Doc. 42.)  In response, Defendants again filed motions to dismiss.  (Docs. 45, 46.)

Dennis responded, in part, by filing a motion for leave to file a supplemental

complaint.  (Doc. 56.)  These motions were fully briefed before Judge Mehalchick

issued the report and recommendation on February 21, 2020.  (Doc. 61.)

In the report and recommendation, Judge Mehalchick recommends that

Defendants Lendacky, Rockovich, Reilly, George, and the City of Wilkes-Barre be

dismissed pursuant to prior order of the court because they were not named in the

original or first amended complaint.  (*Id.* at 11.)  For the same reasons, she

recommends that Dennis's state law claims for battery, assault, and false

imprisonment be dismissed.  (*Id.*)  Judge Mehalchick further recommends denial of

Sheridan and McGrath's motion to dismiss for lack of proper service under Federal

Rule of Civil Procedure 12(b)(5), as well as for failure to state a claim under

3

Federal Rule of Civil Procedure 12(b)(6).  (*Id.* at 12–18.)  Lastly, Judge

Mehalchick recommends that Dennis's motion to supplement the amended

complaint be denied.  (*Id.* at 18–20.)

On March 6, 2020, Sheridan and McGrath objected to the recommendation

regarding their Rule 12(b)(5) motion.  (Docs. 62–64.)  Dennis has not responded to

Defendants' objections.

STANDARDS OF REVIEW

## A. Review of Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's report and recommendation, the

district court is required to conduct a de novo review of the contested portions of

the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

*Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may

accept, reject, or modify the magistrate judge's report and recommendation in

whole or in part. 28 U.S.C. § 636(b)(1).  The district court may also receive further

evidence or recommit the matter to the magistrate judge with further instructions.

*Id.*  "Although the standard is de novo, the extent of review is committed to the

sound discretion of the district judge, and the court may rely on the

recommendations of the magistrate judge to the extent it deems proper."  *Weidman*

*v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F.

Supp. 2d 496, 499 (M.D. Pa. 2000)).  For the uncontested portions of the report

4

and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court.  *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 878).

### B. Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) allows for dismissal for insufficient service of process.  Service of the summons and complaint must be effectuated in accordance with Federal Rule of Civil Procedure 4 and must be completed by a person who is at least 18 years old and not a party to the action.  Fed. R. Civ. P. 4(c)(1), (2).  Further, service must be completed within 90 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  If a plaintiff fails to serve the defendant within the 90-day window, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *Id.*

### DISCUSSION

### A. The uncontested portions of the report and recommendation are adopted.

The parties do not object to the following opinions and recommendations by Judge Mehalchick.  Judge Mehalchick recommends that Defendants Lendacky, Rockovich, Reilly, George, and the City of Wilkes-Barre be dismissed  pursuant to the court's prior order because they were not named in the original or first amended complaint.  (Doc. 61, p. 11.)  For the same reasons, she recommends that Dennis's state law claims for battery, assault, and false imprisonment be dismissed.

(*Id.*) Additionally, Judge Mehalchick recommends that Dennis's motion for leave to file a supplemental complaint be denied.  (*Id.* at 18–20.)

After giving "reasoned consideration" to the uncontested portions of the report and recommendation, the court finds that Judge Mehalchick's analysis is well-reasoned and fully supported by the record and applicable law.  *See City of Long Branch*, 866 F.3d at 99 (quoting *Henderson*, 812 F.2d at 878).  The court will adopt these portions of the report and recommendation in full.

### B. The court declines to adopt the recommendation denying Sheridan and McGrath's motion to dismiss pursuant to Rule 12(b)(5).

In their motion to dismiss, Sheridan and McGrath argue that Dennis failed to effectuate proper service of the second amended complaint.  (Doc. 50, pp. 12–13.) Dennis did not provide any supporting documentation proving service and Sheridan and McGrath are not ECF users who would be aware of this case.  (*Id.* at 12.)  Attorney Dean avers that the only reason he became aware of the claims against Sheridan and McGrath was because he previously represented dismissed Defendant Donovan.  (*Id.*)  In opposition, Dennis argues that he personally served Defendants by hand delivery, and took photos of himself handing the complaint to Defendants.  (Doc. 54, p. 2.)

In the report and recommendation, Judge Mehalchick opined that Dennis "met (albeit tenuously) his burden of showing that service was effected."  (Doc. 61, p. 13.)  She further opined that:

as dismissal of a complaint under Rule 12(b)(5) must be entered without prejudice, and that counsel for Defendants has entered his appearance on their behalf, and that this case has been prolonged long enough at this junction, the Court recommends that Defendants' motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(5) be denied.

(*Id.* (internal citations omitted)).   Sheridan and McGrath object to this conclusion arguing that Dennis failed to properly serve them with the original complaint, amended complaint, or second amended complaint.  (Doc. 63, pp. 8–9.)  Further, but for Attorney Dean's representation of dismissed Defendant Donovan, Sheridan and McGrath would never have learned they were named as defendants in this lawsuit.  (*Id.* at 10.)  While Sheridan and McGrath recognize the leeway provided to self-represented litigants, proper service of process is still required.  (*Id.* at 11.)  As such, Sheridan and McGrath request that Dennis's second amended complaint be dismissed for insufficient service of process.  (*Id.* at 11–12.)

Service of process must be completed in accordance with Federal Rule of Civil Procedure 4 and a self-represented plaintiff "is not excused from compliance with its dictates." *Dougherty v. Dupes*, No. 17-cv-1541, 2018 WL 1696651, at *3 (M.D. Pa. Apr. 6, 2018) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").  Without proper service of process, the court does not have jurisdiction over the sued defendant. *Id.* (citing *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438,

444–45 (1946); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104–05 (1987)).  Here, Dennis asserted that he personally served Sheridan and McGrath, taking photos of himself doing so.  Taking this as true, Dennis still failed to properly serve Sheridan and McGrath.  Rule 4(c)(2) requires service to be completed by a non-party to the action; and thus, Dennis cannot personally serve a defendant in this case.

Accordingly, the court will grant Sheridan and McGrath's motion to dismiss for insufficient service of process.  Dennis will be granted leave to properly serve Sheridan and McGrath with the second amended complaint in accordance with Federal Rule of Civil Procedure 4.  Dennis is warned that if he fails to properly effect and certify service, the court may dismiss the second amended complaint and close this case.

### C. The court declines to adopt the recommendation denying Defendants Sheridan and McGrath's motion to dismiss pursuant to Rule 12(b)(6).

In the report, Judge Mehalchick recommends that Sheridan and McGrath's motion to dismiss Dennis's 42 U.S.C. § 1983 claim for excessive force be denied. Because the court lacks jurisdiction over Defendants Sheridan and McGrath, the court declines to adopt this recommendation as the remaining arguments in their motion to dismiss are moot.

8

## CONCLUSION

For the reasons stated herein, the court declines to adopt Judge Mehalchick's recommendation regarding dismissal of Defendants Sheridan and McGrath pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), but adopts the remaining recommendations in full.  An appropriate order will issue.


s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 15, 2020